# WASHINGTON COUNTY.

## June Term, 1792.

GEORGE HENRY, ſurviving obligee of ABRAHAM USHER, *v.* WILLIAM DONNAGHY and JOHN MORRISON, Executors of JOHN DONNAGHY.

THIS was an action of debt on a bond dated 17th *July,* 1776, for the payment of 50*l.* 3*s.* 8*d.* on the 1ſt *Auguſt* enſuing the date, with intereſt from the date.              D 4

1792.

On 17th *July*, 1776, *John Donnaghy* gave to the plaintiff an order drawn by *Edward Hand* on *James Milligan*, merchant in *Philadelphia*, dated 13th *July*, 1776, for 27*l*. payable to *John Donnaghy* or bearer, at forty days fight. And the plaintiff gave *Donnaghy* a receipt for the order, purporting that credit was to be given on the bond for it, when paid. In 1786, *Donnaghy* fent by a friend, the refidue of the debt and interett to the plaintiff, who then refufed to give credit for the order, and offered to return it. This was rejected, and the refidue of the money was not paid becaufe credit would not be allowed for the order. In 1788 this fuit was brought. It did not appear that there had been any demand on *Milligan*, or any notice to *Donnaghy* that the order remained in the plaintiff's hand till in 1786, nor was it ever offered to *Donnaghy*, nor to his executors till after this fuit was brought.

*Chamberlayne v. Delaree,* 2 *Wils.* 353.

*Rofs*, for the defendant. The order, being retained fo long, amounts to a payment of fo much. *Donnaghy* could not, at this diftance of time recover from *Hand* the drawer.

*Woods*, for the plaintiff. *Ufher* and company could not fue on this order in their own names. The receipt fhews, that no credit was to be given till the order was paid. In 1786, in 1788, and now, *Hand* and *Milligan* are both in undoubted circumftances, and there is no inftance when the not returning of a bill has been held a payment, unlefs there has been an infolvency of the drawee.

PRESIDENT. This difficulty is not likely to occur often, where the drawee is in good circumftances and has not refufed payment ; for then there is no inducement to apply to any other. But, fince giving an order is held to be a giving credit to the drawee, and therefore a payment, I fee no reafon why it fhould not be, fo in all cafes ; fo that fuch holder fhould never be allowed to have recourfe to the drawer, who had effects

1 *T. Rep.* 405

in the hands of the drawee. The holder, who gives credit, takes all rifk of recovering from the drawee ; for the drawer undertakes that the drawee will accept and pay at the time ; but if the holder gives further time, he makes a new contract, and difcharges the drawer. The holder undertakes to demand ; and, be-

1792.

fore he can recover from the drawer, or any indorfer, (for every indorfer is as a drawer) he muft fhew a demand on the drawee, and a refufal. The circumftances of the drawer and drawee ought to make no alteration. If they be good, fo much the better for the holder, the plaintiff, unlefs he has precluded himfelf, by his own negligence. If they are otherwife, the defendants ought not now to run the rifk. I lay no ftrefs on the want of an indorfement. The receipt and the delivery of the order fhew the meaning of the parties. *John Donnaghy* undertook to lend his name to *Abraham Ufher* and company, for the recovery of this money from *Milligan*; and *Abraham Ufher* and company, undertook to demand this money. This demand has never been made. There ought to be credit given on the bond for 27*l.* as paid forty days after fight, allowing a reafonable time for that.

The jury found a verdict accordingly.

NOTE.—See the cafe of *Stedman v. Gooch.*—*Efpinaffe's* Reports of Cafes at Nifi Prius, 3.